# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARI TOMASIAN, | CASE NO. 1:11-cv-00325 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| K. ALLISON, et al., | (ECF No. 1) |
| Defendants. | |

### Screening Order

**I.  Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2 ///

3 "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

13 **II.    Plaintiff's Claims**

This action proceeds on the complaint filed on February 25, 2011. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at CSP Corcoran. Plaintiff names the following individual defendants: K. Allison; D. Goss; P. Hernandez; V. Vasquez. Plaintiff's claims stem from a disturbance between rival prison groups. Plaintiff sets forth claims under the Eighth Amendment.

Plaintiff alleges that on June 21, 2009, there was an incident involving Southern Hispanics and Northern Hispanics. Plaintiff alleges that Defendants decided to place all Southern Hispanic inmates on lockdown. As a result, all privileges were lost, including access to outside recreation. Plaintiff alleges generally that "from 6-21-09 the authorities in this prison has discriminated against all inmates that are label as Southern Hispanics and continually use 'security concerns' as the reasons for locking Plaintiff down and all my privileges taken from me."

Plaintiff alleges that C yard, where he is housed, includes and upper yard and lower yard. The yards are separated by a wall, precluding any contact between inmates. All of the Northern Hispanic inmates are housed on the upper yard and Plaintiff is housed on the lower yard. Despite

the housing arrangement, "the authorities" continue to keep Southern Hispanics on lockdown. Plaintiff alleges that due the lack of recreational activity and "unableness," he continues to suffer back problems and is in constant pain.

### A.     **Eighth Amendment**

The routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry. "Those deprivations denying 'the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). "The circumstances, nature, and duration of a deprivation of one of these necessities must be considered in determining whether a constitutional violation has occurred. The more basic the need, the shorter the time it can be withheld." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

Regarding outdoor exercise, the Ninth Circuit has consistently held that "ordinarily the lack of outside exercise for extended periods is a sufficiently serious deprivation" for Eighth Amendment purposes. LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993). A prohibition on outdoor exercise of six weeks is a "sufficiently serious" deprivation to support an Eighth Amendment claim. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000)(en banc); Allen v. Sakai, 48 F.3d 1082, 1086 (9th Cir. 1994).

Plaintiff has alleged facts, liberally construed, indicating that has been deprived of outdoor exercise for an extended period of time. Plaintiff has not, however, specifically alleged conduct by any of the individual defendants specifically caused the deprivation at issue. Plaintiff lists the defendants, but refers to "them" or correctional officials in general. All of the named defendants are employed in a supervisory capacity. Liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that facts indicating that the supervisory defendants participated in, or knew of and failed to

prevent, the alleged wrongs. Here merely lists the defendants, then complains of the deprivation at issue. The complaint must therefore be dismissed.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.   The Clerk's Office shall send to Plaintiff a complaint form;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.   Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended

complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: September 28, 2012                    /s/ Gary S. Austin
                                           UNITED STATES MAGISTRATE JUDGE